IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JTH TAX LLC d/b/a LIBERTY TAX SERVICE, | § § § § § | |
| Plaintiff, | | |
| v. | § § | Civil Action No. 3:24-cv-2083-K-BT |
| EBONY BROWN; TIFFANY ALPHONSE; LIBERTY TAXES, LLC; and LIBERTY CONSULTANATS, LLC | § § § § § § | |
| Defendants. | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff has filed a motion seeking attorney's fees and costs (ECF No. 45). For the following reasons, the District Judge should GRANT Plaintiff's Motion in part and award Plaintiff $53,545.75 in attorney's fees; $1,877.30 in costs; $2,121.82 in prejudgment interest; and post-judgment interest.

*Background*

Plaintiff was represented in this trademark infringement action by the law firm Gordon Rees Scully Mansukhani LLP (GRSM). On May 20, 2025, Plaintiff filed its Motion for Default Judgment (ECF No. 40), to which Defendants did not respond. On September 2, 2025, the Court granted in part Plaintiff's Motion for Default Judgment and awarded attorney's fees and costs to be determined by subsequent motion. *See* Mem. Op. and Order at 31 (ECF No. 42); Final J. at 2 (ECF No. 43). On September 16, 2025, Plaintiff filed its motion for attorney's fees and

1

costs seeking $93,446.58 in attorney's fees; $1,977.30 in costs and expenses; and $3,905.06 in pre-judgment interest—$99,328.94 in total. Mot. at 1 (ECF No. 45). Defendants did not respond to the Motion, and the time to do so has passed. The Motion is now ripe for adjudication.

## *Legal Standard and Analysis*

### I. **Entitlement to Fees**

Plaintiff moves for attorney's fees under 15 U.S.C. § 1117(a), as well as costs and pre- and post-judgment interest. The Lanham Act permits an award of reasonable attorney's fees to a prevailing party in exceptional cases. 15 U.S.C. § 1117(a); *Nat'l Business Forms & Printing, Inc. v. Ford*, 671 F.3d 526, 537 (5th Cir. 2012). The Fifth Circuit has acknowledged that "the exceptional case is one in which the defendant's trademark infringement can be characterized as 'malicious,' 'fraudulent,' deliberate,' or willful.'" *Tex. Pig Stands, Inc. v. Hard Rock Cafe Int'l*, 951 F.2d 684, 697 (5th Cir. 1992) (cleaned up).

Here, the District Judge has already characterized this case as "exceptional." Mem. Op. and Order at 31 (ECF No. 42) ("Defendants engaged in willful conduct and they have failed to appear. Therefore, this is an 'exceptional case' for the purpose of attorney's fees under the Lanham Act, and award of such fees is warranted."). Therefore, Plaintiff is entitled to reasonable attorney's fees under the Lanham Act.

## II. **Lodestar Calculation**

The Court uses the "lodestar" method to calculate reasonable attorney's fees. *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012). The lodestar is calculated by multiplying the number of hours that an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for the work. *Id.* The party seeking attorney's fees bears the burden of establishing the number of hours expended through the presentation of adequately recorded time records as evidence. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The Court uses this time as a benchmark and excludes any time it deems excessive, duplicative, unnecessary, or inadequately documented. *Id.* There is a strong presumption that the lodestar figure is reasonable. *Perdue v. Kenny A. ex rel.*, 559 U.S. 542, 552 (2010). Because the lodestar is presumed reasonable, it should be modified only in exceptional circumstances. *Watkins*, 7 F.3d at 457. The Court calculates the lodestar to be $53,545.75 in this case.

### *A. Reasonableness of Rate*

In support of the Motion, Plaintiff submitted the declaration of attorney Cristina Guerrero, a GRSM attorney, who declares that the rates charged by the attorneys and paralegals in the matter "are reasonable, standard, and customary for individuals with their experience." Mot., Ex. C at 3, ¶ 9 (ECF No. 45-3) (declaration of Cristina Guerrero). GSRM's attorneys billed $325 per hour for associate attorneys and $450 per hour for partners. *See* Mot., Ex. A at 3, 8, 10, 13,

3

16, 20, 22, 26, 28–29, 31, 34, 40–41, 43, 47, 54, 56, 58 (ECF No. 45-1). And GRSM's paralegals billed $125 per hour. *Id.*

The fee applicant has the burden of showing that its attorneys' hourly rates are reasonable. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 325 (5th Cir. 1995) (per curiam). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Hill v. Schilling*, 2022 WL 1321548, at *2 (N.D. Tex. May 3, 2022) (Lindsay, J.) (citing *Blum v. Stenson*, 465 U.S. 886, 895–96 n.11 (1984)). "The relevant legal community is the community in which the district court sits." *Id.* (citing *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002)).

"Typically, the Court receives copies of resumes or summaries of the qualifications of attorneys involved in the litigation, as well as information regarding the individuals' litigation skills generally." *Mauricio v. Phillip Galyen, P.C.*, 174 F. Supp. 3d 944, 948 (N.D. Tex. 2016) (citation omitted). "Generally, the reasonable hourly rate for a particular community is established through affidavits of other attorneys practicing there." *Tollett*, 285 F. 3d at 368 (citation omitted). A court, however, may also use its own expertise and judgment to independently assess the reasonableness of an attorney's hourly rates. *See Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004) ("[T]rial courts are considered experts as to the reasonableness of attorney's fees[.]"); *Merge Off. Interiors, Inc. v. Alfa Adhesives, Inc.*, 2020 WL 2115645, at *2 (N.D. Tex. May 3, 2020) (Lynn, J.) ("It is well-established that the Court may use its own expertise

4

and judgment to independently assess the hourly rates charged for attorney's fees.").

Besides the declaration of GRSM attorney Cristina Guerrero, Plaintiff does not submit any evidence regarding the prevailing market rate for this type of case or for lawyers of similar skills, experience, and reputation in the Dallas community. However, the Court is familiar with the prevailing market rates in the Dallas legal market for attorneys with the skill, experience, and reputation of GRSM's counsel. Based on the Court's knowledge of rates charged for legal services by attorneys with the level of skill, experience, and reputation of GRSM's counsel in the Dallas legal community, and its experience in setting attorney's fees in numerous other cases, the Court finds that GRSM's rates are reasonable and comport with Dallas area market rates. *See, e.g.*, *Reilly v. Online Land Market, LLC*, 2025 WL 463317, at *10 (N.D. Tex. Jan. 25, 2025) (Horan, J.) (finding that attorney rates between $350 and $375 per hour and paralegal rates of $150 per hour for copyright litigation is reasonable), *adopted by* 2025 WL 462085 (N.D. Tex. Feb. 11, 2025) (Kinkeade, J.); *Verch v. White Rock Sec. Grp.*, 2020 WL 4550419, at *5 (N.D. Tex. June 30, 2020) (Rutherford, J.) (finding that attorney rate of $425 per hour in copyright case is reasonable), *adopted by* 2020 WL 4530716 (N.D. Tex. Aug. 6, 2020) (Scholer, J.).

*B. Reasonableness of Hours*

From the billing invoices, it appears that the following professionals worked on the case:

| Name | Title | Hours Expended | Rate Per Hour[1] |
|---|---|---|---|
| Hannah Brown Goehring | Partner | 2.8 | $450 |
| Haylee M. Culver | Partner | 27.3 | $450 |
| JoAnna M. Doherty | Partner | 10 | $450 |
| Cristina Guerrero | Partner | 22.7 | $450 |
| Susan B. Meyer | Partner | 42.2 | $450 |
| Peter G. Siachos | Partner | 1.2 | $450 |
| Dean Y. Drew | Associate Attorney | 41.1 | $325 |
| Donald Hageman III | Associate Attorney | 135.4 | $325 |
| Taylor L. Jordan | Paralegal | 2.1 | $125 |
| Christina R. Smith | Paralegal | .2 | $125 |

*See* Mot., Ex. A at 3, 8, 10, 13, 16, 20, 22, 26, 28–29, 31, 34, 40–41, 43, 47, 54, 56, 58 (ECF No. 45-1). Thus, GRSM expended 106.2 partner hours at $450 per hour, 176.5 associate attorney hours at $325 per hour, and 2.3 paralegal hours at $125 per hour. Mot. at 3–4 (ECF No. 45). Based on these sums, Plaintiff asks for

---

[1] This hourly rate reflects the professionals' standard hourly rate before any discounts.

$89,379.63 in attorney's fees and $244.38 in paralegal fees—$89,624.01 in total.[2]

*Id.*

The burden to show reasonableness of the hours billed necessarily includes the burden of proving the attorneys seeking the fees exercised billing judgment. *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006) (per curiam). "Billing judgment requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant." *Id.* (citing *Walker v. City of Mesquite*, 313 F.3d 246, 251 (5th Cir.2002)). A court may reduce an award by a percentage to substitute for the exercise of billing judgment where it appears from the records supporting a motion for attorney's fees that the attorneys did not exercise billing judgment. *Id.*

Here, the billing invoices reflect that GRSM voluntarily reduced their hourly rates by approximately 15%, which is consistent with the exercise of billing judgment. *See Mauricio v. Phillip Gaylen, P.C.*, 174 F. Supp. 3d 944, 950 (N.D. Tex. 2016) (finding that voluntary reduction of fees by approximately 20% demonstrated billing judgment); *S.E.C. v. Saleh*, 2011 WL 816822, at *2 (N.D. Tex. Jan. 19, 2011) (Toliver, J.) (holding that requested fees were reached after the exercise of appropriate billing judgment when attorney voluntarily reduced hourly rate), *adopted by* 2011 WL 817161 (N.D. Tex. Mar. 9, 2011) (Lynn, J.); *Hancock v. Chi. Title Ins. Co.*, 2013 WL 2391500, at *9 (N.D. Tex. June 3, 2013) (Fitzwater, J.)

---

[2] Plaintiff calculates the total attorney and paralegal fees as $89,624.08. Mot. at 4 (ECF No. 45). However, the Court calculates the total as $89,624.01.

7

(refusing to further reduce fees because the party's voluntary reduction was comparable to the reduction imposed by courts in cases where evidence of billing judgment was absent); *Jim S. Adler, P.C. v. McNeil Consultants, LLC*, 2024 WL 1348401, at *15 (N.D. Tex. Mar. 28, 2024) (Horan, J.) (declining to impose additional reduction when attorney applied 10% discount to charged fees).

However, the Court finds that staffing the matter with six partners, two associates, and two paralegals resulted in duplicative and redundant work. *See BMO Harris Bank, N.A. v. Balmor Transp., Inc.*, 2020 WL 4490431, at *5 (N.D. Tex. July 1, 2020) (Rutherford, J.), *adopted by* 2020 WL 4464662 (N.D. Tex. Aug. 3, 2020) (Scholer, J.). "If more than one attorney is involved, the possibility of duplication of effort along with proper utilization of time should be scrutinized." *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 768 (5th Cir. 1996) (quoting *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717 (5th Cir. 1974)). Ten professionals worked on this matter that required, by the Court's estimation, no more than six *substantive* filings on GRSM's part. Further, the billing entries show that some of the attorney's fees were duplicative and redundant. For example, the billing invoices reflect that at least seven professionals charged for reviewing and editing Plaintiff's original complaint, *see* Mot., Ex. A at 2–3, 6–7, 12, 15–16, & 19 (ECF No. 45-1), and at least five professionals charged for work performed on Plaintiff's motions for preliminary injunction, *see id.* at 12, 15, 19, 25, & 37. And four GRSM attorneys billed nearly 30 hours for researching the social media pages for various individuals. *Id.* at 2, 6, 31, 34, 37, 38, 39, 40, 43, 56, & 58.

8

But there is no evidence that GRSM's counsel wrote off hours that were duplicative, redundant, or excessive.

Accordingly, the Court finds that the appropriate lodestar is $53,545.75, approximately 40% less than GRSM's request and the sum billed to the client for Mr. Hageman and Ms. Meyer's work in this matter. *See* Mot. at 4 (listing total fees sought for Mr. Hageman and Ms. Meyer's work). By the Court's calculation, Mr. Hageman and Ms. Meyer are the attorneys in this case whose bills are the highest based on the respective rates and hours billed. In its discretion, the Court finds that this lodestar accurately accounts for the overstaffing while reflecting the reasonable amount of time necessary to pursue this lawsuit. *See Leroy v. City of Houston*, 906 F.2d 1068, 1079 (5th Cir. 1990) ("Hours which, though actually expended, . . . result from the case being 'overstaffed,' are *not* hours 'reasonably expended' and are to be excluded from this calculation.") (emphasis in original); *EsNtion Records, Inc. v. TritonTM, Inc.*, 2010 WL 3446910, at *4 (N.D. Tex. Aug. 31, 2010) (Lindsay, J.) (reducing requested fees in copyright action by 40% because matter was overstaffed with four different attorneys and one paralegal); *BMO Harris Bank*, 2020 WL 4490431, at *5 (reducing requested fees by 31% because matter was overstaffed with six legal professionals).

Finally, Plaintiff provides that a "reasonable *estimate* for fees and costs incurred to file [the instant Motion] and for any post-judgment proceedings is $3,822.50. Mot. at 4 (ECF No. 45) (emphasis added). However, Plaintiff does not provide any billing statements or other evidence supporting this estimate. Notably,

9

Plaintiff does not attach billing statements recording the number of hours spent drafting and filing the instant motion, which precludes the Court from examining the propriety of Plaintiff's estimated fee. *See La. Power & Light Co.*, 50 F.3d at 324 ("In determining the amount of an attorney fee award, courts customarily require the applicant to produce contemporaneous billing records or other sufficient documentation so that the district court can fulfill its duty to examine the application for noncompensable hours. Thus a district court may reduce the number of hours awarded if the documentation is *vague* or *incomplete*.") (internal citations omitted) (emphasis in original). Further, the Court declines to award fees for any post-judgment proceedings because the Court cannot "reliably assess whether these fees are reasonable, as the events upon which such fees are based have not yet occurred." *Ass'n of Pro. Ball Players of Am. v. Madison*, 2025 WL 736802, at *3 (N.D. Tex. Jan. 10, 2025) (O'Connor, J.) (collecting cases).

### C. Adjustment to the Lodestar

Although there is a strong presumption that the lodestar figure is reasonable, the Court must consider whether the lodestar should be adjusted upward or downward based on the factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989).[3] The district court, however, is not

---

[3] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the legal issues; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney as a result of taking the case; (5) the customary fee; (6) whether the fee is fixed or contingent;

required to "recite or even mention the *Johnson* factors, so long as 'the record clearly indicates that the district court has utilized the *Johnson* framework as the basis for its analysis.'" *Moench v. Marquette Transp. Co. Gulf-Inland, L.L.C.*, 838 F.3d 586, 596 (5th Cir. 2016) (quoting *Union Asset Mgmt. Holding A.G. v. Dell, Inc.*, 669 F.3d 632, 642 (5th Cir. 2012)).

Upon consideration of the *Johnson* factors, the Court finds that no adjustment to the lodestar figure is necessary. This civil action was a fairly straightforward trademark infringement case. The litigation did not require any unique skill or expertise on the part of the GRSM attorneys; nor did it require more than the usual investment of time or labor. Indeed, the default posture of this case indicates that it involved less than the usual time and labor for a trademark infringement action. No trial was required. GRSM billed Plaintiff on an hourly basis, and there is no evidence before the Court that Plaintiff imposed any time limitation on GRSM or that other circumstances made representing Plaintiff undesirable. GRSM charged a customary fee, which resulted in an award that is typical for this type of case. Accordingly, the Court should GRANT Plaintiff's Motion in part and award Plaintiff $53,545.75 in attorney's fees.

---

(7) time limitations imposed by the client or other circumstances; (8) the monetary amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) whether the case is undesirable; (11) the nature and duration of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717–19.

### III. Costs

Plaintiff next requests to recover $1,977.30 in costs for "filing fees, service of process, domain name search expenses, and transcript/research costs[.]" Mot. at 4 (ECF No. 45). A prevailing party in a civil action is entitled to recover its costs unless a federal statute, the federal rules, or the court provides otherwise. *See* Fed. R. Civ. P. 54(d)(1). Taxable costs include: (1) fees paid to the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation of court appointed experts and interpreters. 28 U.S.C. § 1920.

The invoices provided reflect that GRSM incurred $1,877.30 in recoverable expenses for filing fees and process servers. *See* Mot., Ex. A at 29, 35, & 41. However, GRSM has not met its burden to recover the remaining $100.00 requested. "Courts may award computer-assisted research costs as part of its attorneys' fees awards 'if [counsel] normally bills its paying clients for the costs of online research services[.]'" *Wyndham Properties II, Ltd. v. Buca Tex. Restaurants, LP,* 2023 WL 2392090, at *6 (N.D. Tex. Mar. 7, 2023) (Ray, J.) (alterations in original) (quoting *Fluor Corp. v. Citadel Equity Fund Ltd.*, 2011 WL 3820704, at *6 (N.D. Tex. Aug. 26, 2011) (Boyle, J.)). GRSM has not produced any evidence to show that it normally bills its clients for this type of online research. Indeed, none of the billing statements attached to the Motion reflect that GRSM billed Plaintiff for online research costs.

Accordingly, the Court should GRANT Plaintiff's Motion in part and award $1,877.30 in recoverable expenses under 28 U.S.C. § 1920.

## IV. Interest

### *A. Prejudgment Interest*

"Prejudgment interest is compensation for the lost use of money owed as damages." *Agredano v. State Farm Lloyds*, 2021 WL 4228340, at *13 (W.D. Tex. Sept. 16, 2021) (citing *Phillips v. Bramlett*, 407 S.W.3d 229, 238 (Tex. 2013)). The Lanham Act does not explicitly state that a prevailing party can recover prejudgment interest, s*ee* 15 U.S.C. § 1117, but courts have discretion to award prejudgment interest in appropriate cases. *See Clearline Techs. Ltd. v. Cooper B-Line, Inc.*, 948 F. Supp. 2d 691, 712–13 (S.D. Tex. 2013) (collecting cases). "[C]ircuit courts are split as to *when* pre-judgment interest is appropriate," and "[t]he Fifth Circuit has not addressed when a court should award pre-judgment interest for Lanham Act violations." *Whirlpool Corp. v. Shenzhen Sanlida Elec. Tech. Co.*, 2025 WL 904378, at *8 (E.D. Tex. Mar. 25, 2025) (emphasis in original*)*. "But district courts in this Circuit generally award prejudgment interest based on the rationale that without it, the plaintiff's compensation is incomplete and the defendant has an incentive to delay." *Uchi Rests. Grp., Inc. v. Hoang*, 2025 WL 1693355, at *7 (W.D. Tex. June 13, 2025).

As the District Judge found that this case is exceptional, and Defendants delayed the suit by failing to enter an appearance, the Court finds that an award of prejudgment interest in appropriate. *See Exxon Mobil Corp. v. Exxonmobil for*

13

*Export, Import & Trade Ltd.*, 2013 WL 12124589, at *5 (N.D. Tex. Aug. 23, 2013) (Solis, J.) (awarding prejudgment interest at federal rate when the defendant "delayed the suit, to the [p]laintiff's detriment, by failing to file an answer," and alternatively, because the case was exceptional); *Uchi Rests. Grp.*, 2025 WL 1693355, at *8 (awarding prejudgment interest when defendant defaulted); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, 2024 WL 4279524, at *14 (W.D. Tex. Sept. 24, 2024) (same).

Plaintiff asks the Court to calculate prejudgment interest using the weekly average 1-year Treasury constant-maturity yield set forth in 28 U.S.C. § 1961, or alternatively, a Texas benchmark set forth in Texas Finance Code Chapter 304. Mot. at 6 (ECF No. 45). "Although some courts have utilized 'the prime rate of Treasury bill rate," others use 'the average monthly prime rate from the date' claims accrued until the date of judgment." *ReSea Project APS*, 2024 WL 4279524, at *14. Further, the Fifth Circuit "has stated that § 1961 fixes the rate of prejudgment interest only when it is a federal question that must be governed by federal law." *Id.* (quoting *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 7 F.3d 1203, 1209 (5th Cir. 1993)).

In light of Plaintiff's request to utilize the federal rate, and the fact that this is an action arising under federal law, the District Judge should award Plaintiff prejudgment interest at 3.65% in accordance with 28 U.S.C. § 1961. *See Post Judgment Interest Rates*, United States District Court for the Northern District of Texas (last visited Dec. 1, 2025), https://www.txnd.uscourts.gov/post-judgment-

14

rates (reporting that the post-judgment interest rate from September 15, 2025 to September 21, 2025 is 3.65%); *ReSea Project APS*, 2024 WL 4279524, at *14 (applying the rate equal to the weekly average 1-year constant maturity Treasury yield set by 28 U.S.C. § 1961); *Exxon Mobil Corp.*, 2013 WL 12124589, at *5 (same). Accordingly, the Court should GRANT Plaintiff's Motion in part and award Plaintiff $2,121.82 in prejudgment interest.[4]

## B. Post-judgment Interest

Lastly, Plaintiff requests post-judgment interest pursuant to 28 U.S.C. § 1961. Mot. at 6 (ECF No. 45). This statute grants interest "from the date of the entry of the judgment" at a rate "equal to the weekly average 1-year constant maturity Treasury yield . . . for the calendar week preceding . . . the date of the judgment." 28 U.S.C. § 1961(a). Post-judgment interest compounds annually and is "computed daily to the date of payment." *Id.* § 1961(b). The principal for calculating post-judgment interest is "the entire amount of the final judgment,"

---

[4] When calculating the amount of prejudgment interest on percentage per year, the proper calculation is the amount of prejudgment damages (which consists of $53,545.75 in attorney's fees and $1,877.30 in costs) multiplied by the annual interest rate (3.65%) divided by 365 to obtain the amount of interest per day (here, approximately $5.54). That daily amount is then multiplied by the number of days from the day damages accrue (August 15, 2024 when Plaintiff filed suit) until the day before judgment (September 2, 2025), which is 383 days in this case. *See ReSea Project APS*, 2024 WL 4279524, at *15; Mot. at 6 (ECF No. 45).

15

including attorney's fees, costs, and prejudgment interest. *Fuchs v. Lifetime Doors, Inc.*, 939 F.2d 1275, 1280 (5th Cir. 1991).

Because "district courts do not have the discretion to deny post-judgment interest on monetary judgments," Plaintiff's request for post-judgment interest should be granted. *Paisano Capital SA de CV v. 23 Tex. Produce, Inc.*, 2019 WL 3239152, at *5 (N.D. Tex. July 18, 2019) (Boyle, J.). Therefore, the Court should GRANT Plaintiff's request for post-judgment interest for all damages awarded herein,[5] at the statutory rate of 3.65%,[6] from the date of final judgment until it is paid in full. *Id.*

### *Recommendation*

For the forgoing reasons, Plaintiff's Motion for attorney's fees and costs (ECF No. 45) should be GRANTED in part. The Court should award Plaintiff $53,545.75 in attorney's fees; $1,877.30 in costs; and $2,121.82 in prejudgment interest—$57,544.87 in total. The Court should also award Plaintiff post-judgment interest.

**SO RECOMMENDED.**

December 12, 2025.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

---

[5] The District Judge previously awarded Plaintiff $200,000 in damages. *See* Final J. at 2 (ECF No. 43).
[6] The post-judgment interest rate can be found at: https://www.txnd.uscourts.gov/post-judgment-rates.

16

## **INSTRUCTIONS FOR SERVICE AND**
## **NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district judge, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).